Herbert M. BUMMER and Kathleen Bummer, his wife, Plaintiffs,

v.

GAF CORPORATION, Raymark Industries, Inc., Celotex Corporation, successor-in-interest to Philip Carey Corporation, Briggs Manufacturing Company and/or Panacon Corporation, Keene Building Products Corporation, Eagle–Picher Industries, Inc., Owens–Corning Fiberglas Corporation, Owens–Illinois Inc., Garlock, Inc., Fibreboard Corporation, Combustion Engineering, Inc., and Standard Asbestos Manufacturing and Insulating Company, Defendants,

Anchor Packing Company, United States Gypsum Company National Gypsum Company United States Mineral Products Company and W.R. Grace Company, New Party Defendants.

Civ. A. No. 86–692.

United States District Court, W.D. Pennsylvania.

Oct. 17, 1988.

Thomas W. White, Pittsburgh, Pa., for plaintiffs.

Carl Shelly, Reed Smith Shaw & McClay, Pittsburgh, Pa., for GAF, U.S. Gypsum and Nat. Gypsum.

Patrick R. Riley, Pittsburgh, Pa., for Owens–Corning.

Monica Maghrak, Murphy Taylor & Adams, Pittsburgh, Pa., for U.S. Mineral Products.

Stephen R. Mlinac, Dickie McCamey & Chilcote, Pittsburgh, Pa., for W.R. Grace.

John Repcheck, Pittsburgh, Pa., for Anchor Packing.

John A. Bacharach, Pittsburgh, Pa., for Garlock.

Richard Rush, Thomson Rhodes & Cowie, Pittsburgh, Pa., for Celotex.

## MEMORANDUM

GERALD J. WEBER, District Judge.

On April 2, 1986, plaintiffs filed suit against GAF Corporation and several other large manufacturers of products containing asbestos. Plaintiff, Mr. Bummer, alleged that exposure to asbestos products manufactured by the various defendants resulted in cancer of the lung, which was diagnosed in early 1985 and for which he underwent surgical removal on March 2, 1985. He was aware prior to this time of the relation of exposure to asbestos and lung cancer through literature and forms distributed by his Union. After his operation a union official recommended that he file a claim and referred him to plaintiff's present attorney whom he consulted and hired. The present suit was filed within the two year statute of limitations period after discovery of his injury and the cause thereof.

We apply the discovery rule "to the two year statutory limitation." It appears to be beyond dispute that plaintiff knew of his injury and the probable cause thereof by mid–1985, and must file his suit within two years from that time. *Cathcart v. Keene Industrial Insulation*, 324 Pa.Super. 123, 471 A.2d 493 (1984). This is all that is needed. It applies to all asbestos related injuries and their cause. *Ross v. Johns–Manville*, 766 F.2d 823 (3d Cir.1985).

During the two year period following discovery plaintiff has time to investigate, and to ascertain and sue the parties liable. *DeMartino v. Albert Einstein Medical Center*, 313 Pa.Super. 492, 460 A.2d 295 (1983). He did this and filed his suit against 10 defendants on April 2, 1986.

In January 1988, plaintiff moved to amend his complaint to add 5 so-called "New Party Defendants". The Motion was granted. All of the "New Party Defendants" have moved to dismiss because the action was filed against them after the expiration of two years from the time of discovery of plaintiff's injuries and the cause thereof.

Plaintiff's response to this argument is that no physician ever told him, and has not told him to this date, that his lung cancer was caused by exposure to asbestos. There is no such requirement. He knew of a connection between lung cancer and asbestos before his own diagnosis and surgery. He knew that he had lung cancer in early 1985 and was specifically advised shortly after his operation to file a claim. He was referred to a lawyer. He went to the lawyer shortly after this. He is therefore in the position of one who was aware of the injury, and had sufficient cause to begin the inquiry as to the cause within the two year period which the statute and the "discovery rule" allow.

We have examined the evidentiary material submitted by both parties. Mr. Bummer's own testimony in his deposition of March 16, 1988 clearly indicates that he was aware that his cancer could be related to his asbestos exposure by mid–1985, the time of his discussion with Mr. Lancey, the union business agent. He took prompt

steps to sue the ten original defendants here, but he did not sue the so-called "New Party Defendants" until January 1988.

We find the action against the "New Party Defendants" to be time-barred, and will grant their motions for summary judgment dismissing the action.